SELAH D. SEAMAN, Respondent, *v.* BERTHA KOEHLER, as Executrix, etc., Appellant.

*Court of Appeals, October* 31, 1890.

Affirming 46 Hun, 681, Mem.

1. *Negligence. Question for the jury.*—Where in an action by a conductor of a street car to recover damages for injuries received from a collision with a truck, a *prima facie* case that the truck belonged to defendant's firm, and that the driver thereof was in its employment when he negligently ran against the plaintiff, is sufficient to warrant the submission of the case to the consideration of the jury, and make it incumbent upon the defendant, if his firm did not in fact own the truck or employ the driver, to produce some evidence upon the subject.

2. *Same.*—The facts, in this case, held sufficient to make out a *prima facie* case against the defendant.

3. *Same. Judicial notice. Imputed negligence.*—Where the nature of the relation between the driver and the conductor of the street car is not shown, but it appears that the latter, by means of signals to the former, stopped the car to let off and take on passengers, and the record does not otherwise disclose whether the driver was subject to the orders of the conductor, or was in any way under his control, there is not enough evidence to permit the jury to pass upon the question, the court will not take judicial notice of their relations for the purpose of reversing the judgment, nor can the negligence on the part of the driver of the car be imputed to the plaintiff.

SEAMAN *v.* KOEHLER.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon a verdict, and an order denying a motion for a new trial.

*H. J. Kingsbury*, for appellant.

*Charles J. Patterson*, for respondent.

VANN, J.—As the ownership of the truck was at issue, it was necessary for the plaintiff to make out a *prima facie* case in that regard, but the defendant contends that the evidence furnished was insufficient for that purpose.

It was admitted that the defendant was " a member of the firm of H. Koehler & Co., Twenty-ninth street and First avenue, in the city of New York." It was proved that the name on the truck in question was " H. Koehler & Co., Twenty-ninth street and First avenue," and that there were many trucks of the same kind employed in the brewery business of said firm as carried on at the location aforesaid. It also appeared that said truck was loaded with ale barrels at the time of the accident ; that it had left the brewery that morning in charge of the same driver at half-past nine and had made one delivery; that it left again between twelve and one o'clock, and was engaged in the second delivery when the plaintiff was injured. These facts were denied by no one, and they were sufficient, as we think, to authorize the jury to infer that the truck belonged to defendant's firm and that the driver thereof was in its employment when he negligently ran against the plaintiff. A *prima facie* case was thus made out for the consideration of the jury, and if the defendant's firm did not in fact own the truck or employ the driver, it was incumbent upon him to produce some evidence upon the subject.

The trial judge charged the jury that negligence on the part of the driver of the street car could not be imputed to the plaintiff, or the conductor thereof, and the defendants

excepted. The nature of the relation between the driver and the conductor was not shown, but it appeared that the latter, by means of signals to the former, stopped the car to let off and take on passengers. The record does not otherwise disclose whether the driver was subject to the orders of the conductor, or was in any way under his control, and the court will not take judicial notice of their relations for the purpose of reversing a judgment. There was not enough evidence to permit the jury to pass upon the question, and no request was made for instruction to them upon the subject.

Without intimating any opinion except upon the case as here presented, we think that under the circumstances the charge as made was free from error.

After examining the various exceptions to which our attention has been called, we are of the opinion that the judgment should be affirmed.

All concur, except BRADLEY, J., not voting, HAIGHT, J., absent, and BROWN, J., not sitting.